IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No.: RDB-18-0339 |
| DAVEON MCFADDEN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On October 28, 2019, Defendant Daveon McFadden ("Defendant" or "McFadden") pled guilty to Conspiracy to Distribute and Possess with the Intent to Distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846. (ECF No. 391.) On January 30, 2020, this Court sentenced McFadden to a total term of 70 months' imprisonment with credit for time served in federal custody since September 24, 2018, and a supervised release term of five years. (ECF Nos. 510, 511.) Now pending is the Defendant's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 617), in which he seeks immediate release from custody. Also pending is a Motion to Appoint Counsel (ECF No. 636). McFadden claims that his immediate release is warranted due to his medical conditions which he alleges place him at an increased risk of severe illness if he were to contract the COVID-19 virus. (ECF No. 617.) For the reasons that follow, the Defendant's Motion for Compassionate Release (ECF No. 617) is DENIED. The Defendant's Motion to Appoint Counsel (ECF No. 636) is also DENIED.

## BACKGROUND

1

On September 5, 2018, Defendant McFadden was charged in Count One of a Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(vi), (b)(1)(B)(i) (alongside eighteen co-Defendants. (ECF No. 18.) A Second Superseding Indictment was issued on December 13, 2018, and again charged the Defendant with violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(vi), (b)(1)(B)(i) in Count One. (ECF No. 170.) On October 28, 2019, McFadden pled guilty to Count One of the Second Superseding Indictment pursuant to a Plea Agreement. (ECF No. 389.)

The Plea Agreement included certain factual and guidelines stipulations. As to the facts, McFadden stipulated that from about January 2017 until December 2018, he conspired with others named in the Second Superseding Indictment to distribute quantities of heroin and fentanyl and to possess with intent to distribute those drugs in Baltimore, Maryland and elsewhere. (*Id.*) The drug organization operated a "drug shop" in the 1400 block of Kuper Street and in the area of West Pratt and South Calhoun Streets in Baltimore. (*Id.*) McFadden and others conducted hand-to-hand sales of drugs to customers in those areas. (*Id.*) The Defendant agrees that as a result of the organization's work, it was reasonably foreseeable to him that members of the conspiracy would distribute more than 1.2 kilograms but less than four kilograms of fentanyl. (*Id.*) Confidential informants for the Federal Bureau of Investigations ("FBI") conducted as least two controlled purchases from McFadden while he was working at the drug shop. (*Id.*)

With respect to the Federal Sentencing Guidelines, McFadden stipulated to a base offense level of 32. (*Id.*) The Government did not oppose a two-level reduction in the

Defendant's adjusted offense level based on his apparent prompt recognition and affirmative acceptance of personal responsibility. (*Id.*) The Government also made a motion for an additional one-level decrease in recognition of McFadden's acceptance of personal responsibility. (*Id.*) The anticipated final adjusted offense level was between 29 and 23. (*Id.*) Ultimately, this Court sentenced McFadden to a total term of 70 months' imprisonment with credit for time served in federal custody since September 24, 2018, and a five-year term of supervised release. (ECF Nos. 510, 511.)

The crime for which McFadden was sentenced in this case was not his first criminal offense. McFadden has two juvenile convictions, as well as one conviction as an adult. (ECF No. 516.) In 2017, McFadden was charged with Possession with Intent to Distribute, Dispense Narcotics in the Circuit Court for Baltimore City. *See* Case No. 117157012. He was placed on probation before judgment and received three years of supervised release. (ECF No. 516.) McFadden committed the instant offense while on supervised release. (*Id.*)

In early 2020, the COVID-19 pandemic began to spread throughout the United States. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). On June 3, 2020, McFadden filed the presently pending *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 617), in which he seeks immediate release from custody due to his medical conditions which he alleges place him at a higher risk of severe illness from the COVID-19 virus. According to his Motion, McFadden suffers from asthma, kidney stones, depression, and other mental and health issues. (*Id.*) McFadden is currently housed at FCI

Danbury where there are no active infections of the COVID-19 virus.[1] The Bureau of Prisons ("BOP") estimates that at this time, 503 inmates at FCI Danbury have been vaccinated.[2]

On June 23, 2020, the Defendant filed correspondence with this Court to show that he petitioned for his release from the Warden at FCI Danbury. (ECF No. 637.) That same day, he filed a Motion for Appoint Counsel in which he seeks assistance in supplementing his Motion for Compassionate Release. (ECF No. 636.) The Government has not filed a response to the Defendant's *pro se* Motion.

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the

---

[1] Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed June 22, 2021).
[2] Bureau of Prisons, *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last accessed June 22, 2021).

defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

On June 23, 2020, the Defendant filed correspondence with this Court demonstrating that he properly exhausted his administrative remedies in this case by filing a request for relief from the Warden of FCI Danbury. (ECF No. 637.) The Warden of FCI Danbury denied McFadden's requested relief on March 28, 2020. (*Id.*) Accordingly, this Court has jurisdiction over the Defendant's Motion. Therefore, this Court will consider whether there are extraordinary and compelling circumstances which warrant a reduction in McFadden's sentence.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons'

authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In his Motion, McFadden asserts that he is entitled to compassionate release because he suffers from "asthma, kidney stones, depression, and bipolar mental and health issues." (ECF No. 617.) He contends that the COVID-19 pandemic is very dangerous to him due to these conditions and the lack of proper health care in his facility. (*Id.*) McFadden has failed to allege any details related to his conditions, nor has he provided this Court with any documentation of such conditions. Nevertheless, taking the Defendant's allegations as true, McFadden has still failed to allege extraordinary and compelling reasons for his release. This Court is unaware of any studies which suggest kidney stones, depression, or other mental health disorders are known to exacerbate the symptoms of the COVID-19 virus. Further, the Centers for Disease Control and Prevention ("CDC") has not indicated that having asthma generally (as opposed to "moderate to severe asthma" specifically) increases one's likelihood of becoming severely ill with COVID-19.[3] The record in this case makes no indication that McFadden's alleged asthma is moderate or severe.

---

[3] Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed June 21, 2021).

Additionally, while the COVID-19 pandemic created an elevated risk for Defendant McFadden and others in BOP facilities, the rollout of three vaccines for COVID-19 (Pfizer, Moderna, and Johnson & Johnson), has lowered that risk in recent months. As Judge Hollander of this Court has noted, the BOP has been receiving vaccine shipments since December 16, 2020. *United States v. Graves*, No. ELH-18-17, 20201 WL 1909631, at *8-9 (D. Md. May 11, 2021) (citing Walter Pavlo, *Federal Bureau of Prisons Starts Vaccination of Staff, Inmates Soon Thereafter*, Forbes (Dec. 21, 2020), https://www.forbes.com/sites/walterpavlo/2020/12/21/federal-bureau-of-prisons-starts-vaccination-of-staff-inmates-soon-thereafter/?sh=5683b99aa96f). Since then, vaccination levels have increased: at FCI Danbury, where the Defendant is imprisoned, the BOP reported as of June 22, 2021, 179 staff members and 503 inmates (out of 920 total inmates) have been inoculated with the vaccine.[4] Additionally, rates of infection have decreased: there are currently no cases of COVID-19 at FCI Danbury.[5] This Court holds that due to McFadden's failure to allege any medical conditions known to place an individual in danger of severe illness with the COVID-19 virus and FCI Danbury's falling COVID-19 infection figures and rising inoculation figures, he has not presented extraordinary and compelling reasons for relief.

Even if McFadden had presented extraordinary and compelling reasons allowing this Court to consider a modification of his sentence, consideration of the sentencing factors under

---

[4] Staff who received their vaccination in the community rather than a BOP facility are not reflected in these figures. Bureau of Prisons, *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last accessed June 22, 2021).

[5] Since the beginning of the COVID-19 pandemic, 157 inmates and 83 staff have recovered from COVID-19 at FCI Danbury. One inmate died from the virus. Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed June 22, 2021).

18 U.S.C. § 3553(a) reveals that he is nevertheless not a suitable candidate for early release. This Court must find extraordinary and compelling circumstances, *as well as* that the defendant would not pose "a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and that a reduction in sentence is consistent with the sentencing factors provided in 18 U.S.C. § 3553(a) in order to grant such motion.

To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of some of the same factors. Under § 3553(a), the court considers (1) McFadden's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, Crim No. 95-202-CCB-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

Looking at each of these factors, this Court finds that a reduction in McFadden's sentence is inappropriate. As detailed above, McFadden has a significant criminal history. Most notably, he was arrested for the instant offense while on supervised release for a previous drug-related conviction. Additionally, the nature of McFadden's current criminal case, a conspiracy with eighteen other defendants to sell between 1.2 and four kilograms of fentanyl,

was serious. Overall, the nature of the crime and McFadden's history of recidivism warranted the sentence initially imposed. A reduction at this time, when McFadden has served less than half of his sentence, would be inconsistent with the deterrent effect of the sentence.

Finally, this Court notes that there is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). In this case, the Defendant has not established the interests of justice require appointment of counsel. This Court sees no reason to appoint counsel to the Defendant at this time.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 24th Day of June, 2021, that Defendant McFadden's Motion for Compassionate Release (ECF No. 617) is DENIED. Defendant's Motion to Appoint Counsel (ECF No. 636) is also DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge